1998 ND App 3

**In the Interest of A.J.K., a Child.**

**Karen KRINGLIE, Petitioner
and Appellee,**

v.

**A.J.K.; and I.K., Father of the above-named child, Respondents,**

**and**

**G.K., Mother, Respondent and Appellant.**

**Civil No. 980014CA.**

Court of Appeals of North Dakota.

July 7, 1998.

Robin Huseby (argued), State's Attorney, Valley City, for petitioner and appellee.

G.K., pro se, Valley City.

PER CURIAM.

[¶ 1] G.K. appealed pro se from a juvenile court order extending the placement of custody of her minor daughter, A.J.K., with the Director of Barnes County Social Services for 45 days, and from an order restoring custody of A.J.K. to G.K.[1] We remand for withdrawal or dismissal of the petition.

[¶ 2] After a domestic violence report in October 1997, the juvenile court issued a temporary shelter care order that temporarily removed A.J.K. from G.K.'s home and placed A.J.K. in foster care under the supervision and control of Barnes County Social Services. The temporary order stated if a formal petition was not promptly presented to the court, custody of A.J.K. would be returned to G.K. and the order would be deemed vacated.

---

1. Although documents filed with the juvenile court and this court include the parents' names, we use abbreviations and we have modified the title of this opinion to preserve the parties' anonymity. *See* N.D.C.C. §§ 27–20–51 and 27–20–52.

[¶ 3] On November 3, 1997, a juvenile court officer filed a formal petition, alleging: (1) G.K. had inflicted excessive physical force upon A.J.K., resulting in deprivation under N.D.C.C. § 27–20–02(5)(a); and (2) A.J.K. had disobeyed the reasonable and lawful commands of G.K. and was unruly under N.D.C.C. § 27–20–02(10)(b). The juvenile court appointed separate counsel to represent A.J.K. and G.K.

[¶ 4] At a formal hearing on November 25, 1997, the parties agreed to extend the care, custody and control of A.J.K. to Barnes County Social Services for 45 days. The juvenile court entered an order extending custody to Barnes County Social Services and specifying "[i]f no party to this matter requests a date for hearing on the Petition currently on file, this Order shall expire on the 10th day of January, 1998 and [A.J.K.] shall be returned to the care, custody, and control of [G.K.]." The court also directed A.J.K. and her parents to repay court-appointed attorney fees of $200 unless the court specifically ordered a different amount.

[¶ 5] On January 8, 1998, G.K. appealed from the December order extending the custody of A.J.K. to Barnes County Social Services. Meanwhile, on January 9, 1998, the juvenile court entered an order restoring custody of A.J.K. to G.K. The order said A.J.K. had returned to G.K.'s home on January 7, 1998. On February 11, 1998, G.K. appealed from the January order restoring custody of A.J.K. to G.K.

[¶ 6] G.K. asserts the underlying juvenile proceeding was "completely unjustified" because there was a total lack of any facts that would support the allegations in the petition. She contends the proceeding should be dismissed, any orders and judgment should be vacated, the record should be ordered expunged, and she should be awarded costs for this appeal.

■ [¶ 7] This record reflects the October order for temporary shelter care and the December order extending custody were entered by agreement of the parties, including G.K. There is nothing in this record to support G.K.'s claims she initially agreed to the custody arrangement under duress, or she subsequently instructed her court-appointed attorney to object to the arrangement. The North Dakota Supreme Court has said it will not review claimed errors where there is no record and no offer of proof by which the claimed error can be properly evaluated. *Matter of Estate of Kjorvestad*, 375 N.W.2d 160 (N.D.1985). Rules of procedure may not be modified nor applied differently merely because a party is proceeding pro se. *Id.* We reject G.K.'s claim the underlying juvenile proceeding was completely unjustified.

■ [¶ 8] Although the juvenile court issued an order returning custody of A.J.K. to G.K., the record does not reflect the petition has been withdrawn or dismissed, *see* N.D.C.C. § 27–20–29, and technically there is a petition still pending before the juvenile court. G.K.'s pro se actions may have contributed to this procedural impasse. During oral argument, however, the petitioner's counsel agreed dismissal or withdrawal of the petition would not be adverse to her position. We therefore remand to the juvenile court for dismissal without prejudice, or withdrawal of the petition. Because of the posture of this proceeding, we also conclude the juvenile court order requiring A.J.K. and her parents to repay court-appointed attorney fees of $200 was premature, and we direct the juvenile court to delete that language. A.J.K. has turned 18, and her juvenile record should be expunged under N.D.C.C. § 27–20–54 and the records retention schedule in North Dakota Supreme Court Administrative Rule 19. G.K. is awarded costs for appeal under N.D.R.App.P. 39.

[¶ 9] O'KEEFE, C.J., and BRUCE E. BOHLMAN, and RONALD L. HILDEN, District Judges, concur.